COPY

1   ROD M. FLIEGEL, Bar No. 168289
2   LITTLER MENDELSON
    A Professional Corporation
3   650 California Street, 20th Floor
    San Francisco, CA 94108.2693
    Telephone: 415.433.1940
4   Facsimile: 415.399.8490
    E-mail: rfliegel@littler.com
5
6   J. KEVIN LILLY, Bar No. 119981
    LITTLER MENDELSON
    A Professional Corporation
7   2049 Century Park East, 5th Floor
    Los Angeles, CA 90067.3107
8   Telephone: 310.553.0308
    Fax No.: 310.553.5583
9   Email: klilly@littler.com

10  Attorneys for Defendant
    HIRERIGHT SOLUTIONS, INC.
11  (f/k/a USIS Commercial Services, Inc.)

12

13  UNITED STATES DISTRICT COURT

14  CENTRAL DISTRICT OF CALIFORNIA

15

16  DANIEL LEWIS, on behalf of himself     Case No.  SACV09 -351 JVS (ANx)
    and all persons similarly situated,
17
                    Plaintiff,             **DEFENDANT HIRERIGHT
18                                         SOLUTIONS, INC.'S NOTICE TO
    v.                                     FEDERAL COURT OF REMOVAL
19                                         OF CIVIL ACTION**
20  USIS COMMERCIAL SERVICES,              [28 U.S.C. §§ 1332(a)(1), (c)(1),
    INC., and DOES 1 through 100,          1441(a), 1446(a), (b)]
21  inclusive,

22                  Defendant.

23

24  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

25  CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF DANIEL LEWIS

26  AND HIS ATTORNEYS OF RECORD:

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

PLEASE TAKE NOTICE that Defendant HireRight Solutions, Inc. (f/k/a USIS Commercial Services, Inc.)[1] ("Defendant" or "HireRight") hereby removes the state action described herein, filed in the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California. Defendant will promptly file in said Superior Court its Notice to State Court of Removal of Civil Action, its Notice to Adverse Party of Removal of Civil Action, and a State Court Notice of Stay of Proceedings. A true and correct copy of the Notice to State Court and to Adverse Party of Removal of Civil Action, without its accompanying exhibits, is attached hereto as Exhibit A. A true and correct copy of the State Court Notice of Stay of Proceedings is attached hereto as Exhibit B.

This case is being removed pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1), 1441(a), and 1446(a) and (b). The grounds for removal are as follows:

## PROCEDURAL HISTORY

1. On February 5, 2009, Plaintiff Daniel Lewis ("Plaintiff") filed this action, on behalf of himself and all persons similarly situated, against HireRight and DOES 1 through 100, inclusive, in the Superior Court of the State of California, County of Orange, entitled Daniel Lewis, on behalf of himself and all persons similarly situated v. USIS Commercial Services, Inc., and Does 1 through 100, inclusive, Case No. 30-2009-00244408. In his Complaint, Plaintiff alleged claims against HireRight for: (1) violation of the Investigative Consumer Reporting Agencies Act, California Civil Code section 1786, et seq. (brought on behalf of Plaintiff alone); and (2) violation of the Unfair Competition Law, California Business and Professions Code section 17200, et seq. (brought on behalf of Plaintiff and the alleged class). A true and correct copy of the Complaint is attached hereto as Exhibit C.

2. On February 19, 2009, HireRight's agent for service of process was personally served with a copy of the Summons, Civil Case Cover Sheet and

---

[1] Defendant USIS Commercial Services, Inc. recently changed its name to HireRight Solutions, Inc.

Complaint.  A true and correct copy of the Summons and Civil Case Cover Sheet are attached hereto as Exhibit D.  A true and correct copy of the proof of service of the Service of Process Transmittal is attached hereto as Exhibit E.

3.      On March 9, 2009, the Orange County Superior Court issued a Minute Order scheduling a status conference for June 16, 2009.  A true and correct copy of this Minute Order is attached hereto as Exhibit F

4.      On March 10, 2009, the Clerk of the Orange County Superior Court issued a Clerk's Certificate Of Service By Mail.  A true and correct copy of this Clerk's Certificate Of Service By Mail is attached hereto as Exhibit G.

5.      On March 17, 2009, HireRight filed and served an Answer to Plaintiff's Complaint.  A true and correct copy of the Answer is attached hereto as Exhibit H.

6.      To the best of HireRight's knowledge, no further documents have been filed with the state court in this matter.

7.      To the best of HireRight's knowledge, no proceedings have been held in the state court in this matter.

## BASIS FOR REMOVAL

8.      This Court has original jurisdiction over this matter because it is between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Removal of this case to federal court is, therefore, proper.  28 U.S.C. § 1441(a).

### A.      Diversity of Parties

9.      To establish diversity jurisdiction, complete diversity must exist at the time the lawsuit was filed and at the time the case is removed.  Complete diversity exists where all plaintiffs are of different citizenship than all defendants.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).  This requirement is satisfied here.

10.     Plaintiff was, at the time of filing this action, and still is, a citizen of the State of California.  Citizenship of a natural person is established by domicile.

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                3.

1  A person's domicile is established by physical presence and an intent to remain

2  indefinitely. *Lew v. Moss*, (9th Cir. 1986) 797 F.2d 747, 750. Plaintiff's Complaint

3  established that Plaintiff has had, and continues to have, a physical presence in the

4  State of California with an intent to remain indefinitely. Plaintiff alleges that he is a

5  resident of the State of California. See Complaint, ¶1.

6         11.   A corporation is deemed to be a citizen of both the state in which it

7  was incorporated and the state where it has its principal place of business. 28 U.S.C. §

8  1332(c).

9         12.   HireRight is incorporated in Oklahoma and is therefore a citizen of

10  the State of Oklahoma. Declaration of Mark Mayo In Support of Defendant's Notice

11  of Removal to Federal Court ("Mayo Decl."), ¶2.

12         13.   To determine a corporation's principal place of business, courts

13  apply one of two tests. The first test, known as the "place of operations test,"

14  considers the principal place of business to be the state in which a "substantial

15  predominance" of the company's business activity takes place. The second test,

16  known as the "nerve center test," deems the principal place of business to be the state

17  in which the corporation's executive and administrative functions are conducted and is

18  only used in the Ninth Circuit when no state contains a substantial predominance of

19  the company's business activity. *Tosco Corp. v. Communities for a Better*

20  *Environment*, 236 F.3d 495, 500 (9th Cir. 2001); *Industrial Tectronics, Inc. v. Aero*

21  *Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990).

22         14.   The "substantial predominance" test is met if the amount of

23  company's business activity in one state is significantly larger than it is in any other

24  state in which the company conducts business. Factors used to assess a company's

25  business activity include the location of employees, tangible property, production

26  activities, sources of income and where sales take place. *Tosco, supra*, 236 F.3d at

27  500.

28

1    15.    HireRight provides a variety of background screening and risk
2    management solutions to a global clientele out of offices located Tulsa, Oklahoma.
3    Mayo Decl., ¶3.

4    16.    HireRight employs the majority of its employees in the State of
5    Oklahoma. The majority of HireRight's tangible property is located in the State of
6    Oklahoma and the majority of the Company's business services are produced there.
7    HireRight purchases the majority of its goods in the States of Oklahoma, Virginia and
8    Pennsylvania. A majority of HireRight's income is not derived from a single state,
9    and a majority of its sales do not occur within a single state. Mayo Decl., ¶4.

10    17.    Based on all of the factors above, a substantial predominance of
11    HireRight's business activity takes place in the State of Oklahoma. HireRight is,
12    therefore, a citizen of Oklahoma under the "place of operations" test. Even assuming,
13    *arguendo*, that this were not the case, it is clear that under this test HireRight's
14    operations do not predominate in California.

15    18.    Further, even assuming no state could be deemed to contain a
16    substantial predominance of HireRight's business activity, under the nerve center test
17    HireRight's executive and administrative functions are conducted in and out of
18    Oklahoma and Virginia. Mayo Decl., ¶5. Regardless of whether the Court applies the
19    nerve center test or the place of operations test, the facts establish that California
20    would not be HireRight's principal place of business. Thus, HireRight is not, and at
21    no time relevant to this matter has been, a citizen of the State of California.

22    19.    Those defendants designated as DOES 1 to 100 are fictitious
23    defendants, are not parties to this action, have not been served and are to be
24    disregarded for the purpose of this removal. 28 U.S.C. § 1441(a); *see also McCabe v.*
25    *General Foods Corp.*, 811 F. 2d 1336, 1339 (9th Cir. 1987).

26    B.    Amount in Controversy

27    20.    For purposes of federal diversity jurisdiction, the amount in
28    controversy is measured by the pecuniary value of the rights being litigated. *Hunt v.*

1 *Washington Apple Advertising Commission*, 432 U.S. 333, 347 (1977); *Leininger v.*
2 *Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). When, as here, the complaint does not
3 contain a demand for a specific monetary amount, the court may look to the petition
4 for removal. *Davenport v. Procter & Gamble Manufacturing Co.*, 241 F.2d 511 (2d
5 Cir. 1957); *Redevelopment Authority v. City of Hope National Medical Center*, 383 F.
6 Supp. 813, 815 (E.D. Pa. 1974). Alternatively, the court may make an independent
7 appraisal of the monetary value of the claim. *Perrin v. Tenneco Oil Co.*, 505 F. Supp.
8 23 (W.D.Okla. 1980); *Horak v. Color Metal of Zurich, Switzerland*, 285 F. Supp. 603
9 (D.N.J. 1968). When injunctive relief is sought, the interests of either party, including
10 the anticipated cost of the injunction to the defendant, may be considered in
11 determining the amount in controversy. *Oklahoma Retail Grocers Ass'n v. Wal-Mart*
12 *Stores, Inc.*, 605 F.2d 1155, 1159-60 (10th Cir. 1979).

13     21.    In his Prayer For Relief, Plaintiff seeks preliminary and permanent
14 injunctive relief on behalf of himself and the purported class. He also seeks, on behalf
15 of himself, "actual damages or $10,000, whichever is greater, for each violation of the
16 ICRRAA" and punitive damages. See Exhibit C, Complaint, Prayer For Relief ¶¶3-5.

17     22.    Plaintiff indicated on the Civil Case Cover Sheet he submitted with
18 his Complaint that the Amount demanded in this case exceeds $25,000. See Exhibit
19 D, Civil Case Cover Sheet.

20     23.    Plaintiff has alleged to HireRight that, as a result of Defendant's
21 conduct, he has incurred damages well in excess of $75,000. Plaintiff has asserted in
22 writing that he has "lost literally hundreds of thousands of dollars" as a result of the
23 alleged error in the report. Declaration of Jerri McCraw In Support of Defendant's
24 Notice of Removal ("McCraw Decl.,") ¶2, Exhibit 1.

25     24.    The facts above demonstrate that this case is one in which the
26 amount in controversy exceeds $75,000, exclusive of interest and costs.

27                                    **VENUE**

28

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                6.

1    25.   Venue is proper in this Court in that this is the Court of the District

2  embracing the place where the action is pending in state court. 28 U.S.C. § 1441(a).

3                         **TIMELINESS OF REMOVAL**

4          26.   This Notice of Removal of Civil Action is timely in that it has been

5  filed within 30 days of the service of the Summons and Complaint on or about

6  February 19, 2009, and within one year of the filing of the Complaint on February 5,

7  2009.  28 U.S.C. § 1446(b).

8          27.   Contemporaneously with the filing of this Notice of Removal of

9  Civil Action in the United States District Court for the Central District of California,

10  written notice of such filing will be given by the undersigned to Jeffrey Wilens, Esq.,

11  and Jeffrey P. Spencer, Esq., Plaintiff's counsel of record.  In addition, a copy of this

12  Notice of Removal will be filed with the Clerk of the Court for the Superior Court of

13  the County of Orange, California.

14          WHEREFORE, Defendant now prays that the above-entitled action now

15  pending against Defendant in the Superior Court of the State of California, County of

16  Orange, should be removed therefrom to this Court.

17  Dated:   March 19, 2009

18

19                              ROD M. FLIEGEL
                                LITTLER MENDELSON
20                              A Professional Corporation
                                Attorneys for Defendant
21                              HIRERIGHT SOLUTIONS, INC. f/k/a
                                USIS COMMERCIAL SERVICES,
22                              INC.

23

24  Firmwide:88913521.2 061997.1005

25

26

27

28

NOTICE TO FEDERAL COURT OF          7.
REMOVAL OF CIVIL ACTION

EXHIBIT "A"

ROD M. FLIEGEL, Bar No. 168289
BLANE M. MALL, Bar No. 238357
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Fax No.: 415.399.8490
Email: rfliegel@littler.com

J. KEVIN LILLY, Bar No. 119981
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583
Email: klilly@littler.com

Attorneys for Defendant
HIRERIGHT SOLUTIONS, INC.
(f/k/a USIS Commercial Services, Inc.)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

CIVIL COMPLEX CENTER

| | |
|---|---|
| DANIEL LEWIS, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USIS COMMERCIAL SERVICES, INC., and Does 1 through 100 inclusive,<br><br>Defendants. | Case No. 30-2009-00244408<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE NANCY WIEBEN STOCK DEPT. CX105<br><br>**NOTICE TO STATE COURT AND TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION**<br><br>Complaint Filed: February 5, 2009 |

TO THE CLERK OF CALIFORNIA SUPERIOR COURT, FOR THE COUNTY OF ORANGE,

AND TO PLAINTIFF DANIEL LEWIS AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant HireRight Solutions, Inc. (f/k/a USIS Commercial Services, Inc.)[1] is contemporaneously filing a Notice to Federal Court of Removal of

---

[1] Defendant USIS Commercial Services, Inc. recently changed its name to HireRight Solutions, Inc.

NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION

Civil Action ("Notice of Removal") in the United States District Court for the Central District of California on March 20, 2009. A copy of said Notice of Removal and its accompanying exhibits is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. sections 1446(a) and (d), the filing of said Notice of Removal in federal court, together with the filing of a copy of said notice with this Court, effects the removal of this action from this Court to the United States District Court for the Central District of California, and this Court may proceed no further unless and until the case is remanded.

Dated: March 19, 2009

ROB M. FLAEGEL
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
HIRERIGHT SOLUTIONS, INC.

Firmwide:88915487.1 061997.1005

NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION

EXHIBIT "B"

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR *COURT USE ONLY* |
|---|---|
| ROD M. FLIEGEL CA BAR NO. 168289 | |
| LITTLER MENDELSON, P.C. 650 California St., 20th Floor San Francisco, CA 94108 | |

ROD M. FLIEGEL CA BAR NO. 168289

LITTLER MENDELSON, P.C.
650 California St., 20th Floor
San Francisco, CA 94108

TELEPHONE NO.: (415) 433-1940     FAX NO. *(Optional):* (415) 399-8490

E-MAIL ADDRESS *(Optional):* rfliegel@littler.com

ATTORNEY FOR *(Name):* HireRight Solutions, Inc. (f/k/a USIS Commercial Svcs, Inc)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**

STREET ADDRESS: 751 West Santa Ana Blvd

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, CA 92701

BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER:     DANIEL LEWIS

DEFENDANT/RESPONDENT: DEFENDANT HIRERIGHT SOLUTIONS, INC. (f/k/a/ USIS Commercial Services, Inc.)

| **NOTICE OF STAY OF PROCEEDINGS** | CASE NUMBER: 30-2009-00244408 |
|---|---|
| | JUDGE: NANCY WIEBEN STOCK |
| | DEPT.: CX105 |

**To the court and to all parties:**

1. Declarant *(name):* ROD M. FLIEGEL

   a. ☒ is ☐ the party ☒ the attorney for the party who requested or caused the stay.

   b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. ☒ With regard to all parties.

   b. ☐ With regard to the following parties *(specify by name and party designation):*

3. Reason for the stay:

   a. ☐ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

   b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

   e. ☒ Other: Defendant Hireright Solutions, Inc.'s (f/k/a USIS Commercial Services, Inc.) Notice to Federal Court of Removal of Civil Action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 19, 2009

ROD M. FLIEGEL
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]     **NOTICE OF STAY OF PROCEEDINGS**     Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

EXHIBIT "C"

$350.00
$550.00
cp

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO RULE 308 OF THE LOCAL RULES
OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

**LAKESHORE LAW CENTER**
Jeffrey Wilens, Esq. (State Bar No. 120371)
17476 Yorba Linda Blvd., Suite 221
Yorba Linda, CA 92886
714-854-7205
714-854-7206 (fax)
jeff@lakeshorelaw.org

**SPENCER LAW FIRM**
Jeffrey P. Spencer, Esq. (State Bar No. 182440)
1211 Puerta Del Sol, Suite 150
San Clemente, CA 92673
949-240-8595
949-240-8515 (fax)
jps@spencerlaw.net

Attorneys for Plaintiff

**ELECTRONICALLY
FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER
**Feb 05 2009**
ALAN CARLSON, Clerk of the Court
by C. PEDRAZA

## ORANGE COUNTY SUPERIOR COURT, CIVIL COMPLEX CENTER

## STATE OF CALIFORNIA

### 751 West Santa Ana Blvd., Santa Ana, CA 92701

| | |
|---|---|
| DANIEL LEWIS, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USIS COMMERCIAL SERVICES, INC., and Does 1 through 100 inclusive,<br><br>Defendants. | ) Case No. **30-2009-00244408**<br>) **JUDGE NANCY WIEBEN STOCK**<br>) **DEPT. CX105**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CLASS ACTION<br>)<br>) **COMPLAINT FOR**<br>) 1. Violation of Civil Code § 1786<br>) 2. Violation of Business and Professions Code<br>) § 17200 |

Plaintiff alleges as follows:

### PARTIES

1. Plaintiff DANIEL LEWIS, an individual, brings this action on behalf of himself, and on

1

COMPLAINT

1 behalf of a class of similarly situated persons pursuant to Code of Civil Procedure § 382.
2 Plaintiff is a resident of the State of California and a competent adult.

3 2. Plaintiff is informed and believes, and thereupon alleges, that defendant USIS
4 COMMERCIAL SERVICES, INC. (USIS) is now, and at all times mentioned in this
5 Complaint was, a corporation based in the State of Oklahoma, and doing business in the
6 County of Orange, State of California, and throughout the State of California and United
7 States.

8 3. Plaintiff does not know the true names or capacities of the defendants sued herein as DOES 1
9 through 100 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff
10 will amend this complaint to allege their true names and capacities when ascertained.
11 Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named
12 defendants is responsible in some manner for the occurrences herein alleged, and that
13 plaintiff's damages as herein alleged were proximately caused by those defendants. Each
14 reference in this complaint to "defendant" or "defendants" or to a specifically named
15 defendant refers also to all defendants sued under fictitious names.

16 4. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each
17 of the defendants, including all defendants sued under fictitious names, and each of the
18 persons who are not parties to this action but are identified by name or otherwise throughout
19 this complaint, was the alter ego of each of the remaining defendants, was the successor in
20 interest or predecessor in interest, and was the agent and employee of each of the remaining
21 defendants and in doing the things herein alleged was acting within the course and scope of
22 this agency and employment.

23 **CLASS ALLEGATIONS**

24 5. Plaintiff is a member of a class of persons, the members of which are similarly situated to
25 each other member of that class. The class is defined as follows:

26 All persons who were the subject of investigative consumer reports
27 issued by defendant for employment purposes in the State of
California on or after February 5, 2005.

28

6. Plaintiff is informed and believes, and thereupon alleges, that the class plaintiff represents includes at least 1,000 persons who were the subject of employment investigative consumer reports issued by defendant. The identity of the members of the class is ascertainable from defendant's own business records, or those of its agents, which reflect the existence and the identity of the subjects of the reports.

7. The plaintiff and class members' claims against defendant involve questions of law or fact common to the class that are substantially similar and predominate over questions affecting individual class members in that plaintiff and all class members were the subject of reports that were issued in violation of one or more common requirements of the Investigative Consumer Reporting Agencies Act.

8. The claims of plaintiff are typical of the claims of the members of the class.

9. Plaintiff can fairly and adequately represent the interests of the class.

## FIRST CAUSE OF ACTION FOR VIOLATION OF THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT, CIVIL CODE § 1786. ET. SEQ., AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION ONLY)

10. Plaintiff incorporates in this cause of action the allegations contained in paragraphs 1 through 9, inclusive.

11. Defendant USIS is a provider of employment background screening services. As part of those services, it issues written reports to persons it believes intend to use the information for employment purposes, i.e., for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee.

12. On or about August 22, 2008 and on or about September 10, 2008, and on other dates currently unknown to plaintiff, USIS issued such written reports.

13. These reports contained information regarding whether plaintiff had been arrested or convicted of a crime. In plaintiff's case, they reported that he was convicted of a felony and some misdemeanors in 2001 when, in fact, all criminal convictions had been expunged

1     several years before the reports were issued.

2 14. Because these reports contained "information on a consumer's character, general reputation,

3     personal characteristics, or mode of living which was obtained through any means" they

4     constituted "investigative consumer reports" within the meaning of Civil Code § 1786.2 (c)

5     of the Investigative Consumer Reporting Agencies Act (ICRAA).

6 15. Because plaintiff is a natural person who had made application for employment when these

7     reports were issued, he was a "consumer" within the meaning of Civil Code § 1786.2 (b) of

8     the ICRAA.

9 16. Defendant USIS is now, and at all times mentioned in this Complaint was, an investigative

10     consumer reporting agency and prepared investigative consumer reports within the meaning

11     of Civil Code § 1786.2 (d) in the regular course of its business.

12 17. Defendant violated Civil Code § 1786.28 (b) of the ICRAA, which requires it to maintain

13     "strict procedures designed to insure that whenever public record information which is likely

14     to have an adverse effect upon a consumer's ability to obtain employment is reported it is

15     complete and up to date." Information in this category includes public records of arrests,

16     indictments and convictions. The information is considered "up to date" if the information

17     reported is accurate as of the date of the issuance of the report.

18 18. With respect to the reports issued about plaintiff, defendant did not have in place a policy of

19     updating its records on the date of issuance of the reports. As a result, defendant inaccurately

20     reported that plaintiff had suffered a felony and misdemeanor convictions in 2001 when such

21     convictions had been expunged from his record years before the date of issuance of the

22     reports. The reported information was not "up to date" as of the date of issuance of the

23     reports.

24 19. Defendant violated Civil Code § 1786.20 (b) of the ICRAA, which requires that whenever

25     defendant prepares an investigative consumer report it must "retain the investigative

26     consumer report for two years after the report is provided." During the time frame,

27     defendant did not retain copies of the investigate consumer reports it prepared.

28

1  Consequently, each time defendant prepared an investigative consumer report about any
2  person and did not retain a copy of the report, defendant committed a violation of § 1786.20
3  (b).

4  20. With respect to the reports issued about plaintiff, plaintiff asked defendant to produce copies
5  of the reports issued about him but defendant has failed to do so and apparently did not retain
6  the copies.

7  21. Defendant violated Civil Code § 1786.29 (a) of the ICRAA, which requires that it include a
8  notice on the first page of the report in at least 12-point boldface type stating that "the report
9  does not guarantee the accuracy or truthfulness of the information as to the subject of the
10  investigation, but only that it is accurately copied from public records, and information
11  generated as a result of identity theft, including evidence of criminal activity, may be
12  inaccurately associated with the consumer who is the subject of the report." During the time
13  frame, defendant's reports did not contain the required disclosure.

14  22. With respect to the reports issued about plaintiff, both reports furnished by defendant did not
15  contain the required disclosure in the required font and size in the required location.

16  23. Plaintiff sustained actual damages as a result of the violations of the ICRAA in that his
17  applications for both jobs were denied because defendant falsely reported that he currently
18  had a felony record. As a result, he lost thousands of dollars of salary he could have been
19  earning if one of those applications had been accepted, as it would have been absent
20  defendant's violations.

21  24. With respect to each of the aforementioned violations of the ICRAA provisions, defendant is
22  liable to plaintiff in the amount of the greater of the actual damages sustained as a result of
23  the violations or $10,000 per violation pursuant to Civil Code § 1786.50 (a) (1).

24  25. Defendant's violations were willful or grossly negligent within the meaning of Civil Code §
25  1786.50 (b), in that defendants knowingly failed to fulfill obligations without a good faith,
26  reasonable belief in the legality of their actions. Accordingly, defendants are liable for
27  punitive damages to plaintiffs pursuant to Civil Code § 1786.50, subdivision (b).

28

**SECOND CAUSE OF ACTION FOR VIOLATION OF UNFAIR COMPETITION LAW,**

**BUSINESS AND PROFESSIONS CODE § 17200 ET. SEQ., AGAINST ALL**

**DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION AND CLASS ACTION)**

26. Plaintiff incorporates in this cause of action the allegations contained in paragraphs 1 through

25, inclusive.

27. Commencing prior to February 5, 2005, but continuing on that date and continuing thereafter,

defendant has engaged in, is engaged in, and proposes to engage in unfair competition as that

term is defined in Business and Professions Code § 17200, which includes any "unlawful,

unfair or fraudulent business act or practice," "unfair, deceptive, untrue or misleading

advertising," and any act prohibited by Chapter 1 (commencing with § 17500) of Part 3 of

Division 7 of the Business and Professions Code.

28. During the class period, defendant furnished thousands of investigative consumer reports for

employment purposes with respect to California residents, defendant continues to issues such

reports presently, and has the intent to continue to do so for the indefinite future.

29. During the class period, these reports contained or were related to one or more of the

violations described in the first cause of action and defendant continues to issue reports and

will continue to issue reports that contain or are related to one or more of the aforementioned

violations.

30. Defendant's past conduct and threatened future conduct was and is a violation of law, the

ICRAA, and therefore is also "unlawful conduct" for purposes of the Unfair Competition

Law, Business and Professions Code § 17200 et. seq.

31. Pursuant to Business and Professions Code § 17203 and § 17204, plaintiff is empowered to

act as Private Attorney General to enjoin such conduct in the future and to remedy past

violations.

32. Plaintiff meets the standing requirements under Proposition 64 in that plaintiff has brought

this action as a class action pursuant to Code of Civil Procedure § 382, plaintiff has suffered

injury in fact (the violation of the ICRAA) and has lost money or property (his potential job

1    and earnings there from) as a result of defendant's unfair competition.

2   33. The aforementioned business practices of defendant are likely to continue and therefore

3     defendant will continue to violate the law unless this court enjoins it and requires defendant

4     to cease the unlawful practices and to adopt policies and procedures to assure violations will

5     not be committed in the future. Moreover, under the equitable powers of this Court,

6     defendant should be compelled to reissue illegal reports it issued in the past and notify those

7     potential employers who received the illegal reports that they should disregard the prior

8     reports and evaluate the job candidates based only upon the new reports.

9                   **REQUEST FOR JURY TRIAL**

10      Plaintiff respectfully requests trial by jury.

11                   **PRAYER FOR RELIEF**

12      WHEREFORE, plaintiff prays for judgment on all causes of action against defendant as

13   follows:

14   1. For an order certifying this matter as a class action;

15   2. For a declaration of the rights and liabilities of the parties including a declaration that the

16     defendant's practice of furnishing investigative consumer reports in violation of the ICRAA

17     is an unlawful, deceptive or unfair business practice in violation of the UCL.

18   3. For preliminary and permanent injunctive relief pursuant to Business and Professions Code §

19     17203 restraining and enjoining defendant from continuing the acts of unfair and unlawful

20     competition, requiring defendant to take any acts needed to prevent further violations such as

21     by changing its policies and procedures to bring it into compliance with the ICRAA, and

22     requiring defendant to take affirmative measures to redress past wrongdoings such as by

23     reissuing reports that were illegally issued in the past;

24   4. For actual damages or $10,000, whichever is greater, for each violation of the ICRAA on the

25     first cause of action;

26   5. For punitive damages in the amount appropriate to punish defendant for violations of the

27     ICRAA on the first causes of action;

28

1  6. For interest on the sum of money awarded as damages;

2  7. For reasonable attorney's fees pursuant to Civil Code § 1786.50 (a) (2), pursuant to the

3  Private Attorney General doctrine in Code of Civil Procedure § 1021.5, pursuant to the

4  "common fund" doctrine, and pursuant to the "substantial benefit" doctrine.

5  8. For costs of suit incurred herein; and

6  9. For such other and further relief as the court may deem proper.

7  DATED: February 5, 2009

8                              Respectfully submitted,

9

10                     By      ____/s/_____

11

12                              JEFFREY WILENS
                                Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "D"

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
USIS Commercial Services, Inc., and Does 1 through 100 inclusive,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Feb 05 2009**

ALAN CARLSON, Clerk of the Court
by C. PEDRAZA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Daniel Lewis, on behalf of himself and all persons similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>751 West Santa Ana Blvd.<br>P. O. Box 22028<br>Santa Ana, CA 92702-2028<br>Complex Civil Center | CASE NUMBER:<br>*(Número del Caso):* **30-2009-00244408**<br><br>**JUDGE NANCY WIEBEN STOCK**<br>**DEPT. CX105** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey Wilens, Esq.          714-854-7205          714-854-7206fax
Lakeshore Law Center
17476 Yorba Linda Blvd., Suite 221
Yorba Linda, CA 92886

| DATE:<br>*(Fecha)* **Feb 05 2009** | **ALAN CARLSON** | Clerk, by **C Pedraza** *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|---|

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* USIS Commercial Services, Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 02.19.09

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jeffrey Wilens, Esq. (#120371)<br>Lakeshore Law Center<br>17476 Yorba Linda Blvd.<br>No. 221<br>Yorba Linda, CA 92886<br>TELEPHONE NO.: 714-854-7205    FAX NO.: 714-854-7206<br>ATTORNEY FOR (Name): Plaintiff | **ELECTRONICALLY FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CIVIL COMPLEX CENTER<br><br>**Feb 05 2009**<br><br>ALAN CARLSON, Clerk of the Court<br>by C. PEDRAZA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS: P. O. Box 22028
CITY AND ZIP CODE: Santa Ana, CA 92702-2028
BRANCH NAME: Complex Civil Center

CASE NAME: Lewis v. USIS Commercial Services, Inc., et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2009-00244408 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: JUDGE NANCY WIEBEN STOCK CX105<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action (specify): Two

5. This case [X] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 5, 2009

Jeffrey Wilens, Esq. (#120371)
(TYPE OR PRINT NAME)

▶ /S/
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

EXHIBIT "E"

# Corporation Service Company ®

*CSC SameDay SOP and CSC PowerBrief clients, click here to receive and view your Service of Process documents now.*
*For more information on instant access to your SOP, click Sign Me Up.*

## NOTICE OF SERVICE OF PROCESS

Transmittal Number: 6407948
Date: 02/20/2009

Pursuant to client instructions, we are forwarding this summary and notice of Service of Process. The Service of Process document has been sent to the primary contact listed below.

| | |
|---|---|
| **Entity:** | USIS Commercial Services, Inc. |
| **Entity I.D. Number:** | 1897769 |
| **Entity Served:** | USIS Commercial Services, Inc. |
| **Title of Action:** | Daniel Lewis vs. USIS Commercial Services, Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Other |
| **Court:** | Orange County Superior Court, California |
| **Case Number:** | 30-2009-00244408 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/19/2009 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Plaintiff's Attorney:**
Jeffrey Wilens
714-854-7205

**Primary Contact:**
Keith Simmons
US Investigation Services, LLC

**Copy of transmittal only provided to:**
Gary Carson
Chuck VanDerMiller

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

3/18/2009

Please visit www.cscglobal.com for more information on CSC's Litigation and Matter Management services, including service of process (SOP) history, online acknowledgement of SOP, fully electronic scanned SOP and SOP package tracking information.

**CSC is SAS70 Type II certified for its Litigation Management System.**

2711 Centerville Road   Wilmington, DE 19808
(888) 690-2882   |   sop@cscinfo.com

EXHIBIT "F"

Date: 03/09/2009                    Time: 02:18:02 PM        Dept: CX105

Judicial Officer Presiding: Judge Nancy Wieben Stock
Clerk: Angela M Knox

Bailiff/Court Attendant: Chris Sanchez

Reporter: None

Case Init. Date: 02/13/2009

Case No: 30-2009-00244408-CU-BT-CXC    Case Title: Lewis vs. USIS Commercial Services Inc

Case Category: Civil - Unlimited        Case Type: Business Tort

---

Event Type: Chambers Work

Causal Document & Date Filed:

---

**Appearances:**

---

There are no appearances by any party.

Each party who has not paid the Complex fee of $ 550.00 as required by Government Code section 26826.4 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 & 3.400: Case is Complex.

The Status Conference is scheduled for 06/17/2009 at 08:30 AM in Department .

Plaintiff shall, at least 5 days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

Plaintiff shall give notice of the Status Conference and Superior Court, County of Orange Local Rule 308 (Electronic Filing Program) to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to plaintiff and plaintiff to give notice to all other parties.

---

Date: 03/09/2009                    MINUTE ORDER                    Page: 1
Dept: CX105                                                          Calendar No.:

EXHIBIT "G"

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Lewis vs. USIS Commercial Services Inc

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2009-00244408-CU-BT-CXC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of Clerk's Certificate of Service by Mail was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Santa Ana, California, on 03/10/2009.

Clerk of the Court, by: _Angela Knop_ _____ , Deputy

SPENCER LAW FIRM
1211 Puerta Del Sol # 150
San Clemente, CA 92673

Lakeshore Law Center
17476 Yorba Linda Boulevard # 221
Yorba Linda, CA 92886

☐ Additional names and address attached.

PARTY SERVED:    USIS Commercial Services, Inc. through its attorney of record, Littler Mendelson, Mr. Rod M. Fliegel, Esq., Mr. J. Kevin Lilly, Esq., 650 California Street, 20th Floor, San Francisco, CA 94108-2693
SERVED ON EMAIL ADDRESSES:
rfliegel@littler.com
klilly@littler.com

DOCUMENT SERVED:    Court Order setting Status Conference—Plaintiff Daniel Lewis, et. al., v. Defendants USIS Commercial Services, Inc.,et. al., Orange County Superior Court case number 30-2009-00244408.

## DECLARATION OF ELECTRONIC SERVICE

I am a citizen of the United States and a resident of Orange County, State of California. I am over the age of 18 years and not a party to this action within. My business address is 17476 Yorba Linda Blvd., Suite 221, Yorba Linda, CA 92886. My email address is jeff@lakeshorelaw.org.

On March 13, 2009, I served the foregoing document described by emailing it to each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error.

I declare under penalty of perjury and under the laws of the State of California, that the foregoing is true and correct. Executed this 13th day of March 2009 at Yorba Linda, California.

                        /s/

                        Jeffrey Wilens

EXHIBIT "H"



**GO**

Home
Directory
Locations
Online Services
Self Help
Employment
Media Relations
You are here:   Home ▸  Directory ▸  Civil ▸  Complex Civil ▸   Civil Complex E-filing

# Civil Complex E-Filing

Please Note

Superior Court of Orange County offers the ability to file documents to existing Complex Civil cases. Only
pre-authorized users may access this system.

Civil Complex E-Filing

## Civil Complex E-Filing Successfully Submitted

Tracking Number **03182009142542-641**

Your filing has been RECEIVED by the Superior Court. It is not FILED at this point, and will be
processed in the order in which received.
You will receive another notification when the court ACCEPTS or REJECTS your filing. Documents are
reviewed and prioritized upon receipt and will be processed accordingly.

Filings are only processed during normal work hours. All filings received after 5 p.m. will be processed
and considered filed on the next business day.
Effective 9-1-07, attorneys have the option of providing, or partnering with a vendor of their choice to
provide, necessary evidence presentation equipment for their hearing at the Civil Complex Center.

| Finished | More Files | Take Survey | New Form |

## Kearney, Barbra K.

**From:** Fliegel, Rod M.
**Sent:** Wednesday, March 18, 2009 3:00 PM
**To:** Kearney, Barbra K.
**Subject:** FW: Your E-Filing has been received.

---

**From:** Civil Complex E-Filing [mailto:efilecomplex@occourts.org]
**Sent:** Wednesday, March 18, 2009 2:26 PM
**To:** Fliegel, Rod M.
**Subject:** Your E-Filing has been received.



# Complex



Your filing has been **RECEIVED** by the Superior Court. It is not **FILED** at this point, and will be processed in the order in which received.

You will receive another notification when the court **ACCEPTS** or **REJECTS** your filing. Documents are reviewed and prioritized upon receipt and will be processed accordingly.

Filings are only processed during normal work hours. All filings received after 5 p.m. will be processed and considered filed on the next business day.

Effective 9-1-07, attorneys have the option of providing, or partnering with a vendor of their choice to provide, necessary evidence presentation equipment for their hearing at the Civil Complex Center.

| | |
|---|---|
| **Tracking Number:** | 03182009142542-641 |
| **E-Filing Case Number:** | 30-2009-00244408 |
| **Name:** | Rod M. Fliegel |
| **Email:** | rfliegel@littler.com |
| **Phone Number:** | (415) 433-1940 |
| | |
| **Filing Party:** | Defendant |
| **On Behalf of:** | HIRERIGHT SOLUTIONS, INC. |
| **Client/Matter Number:** | 061997.1005 |
| | |
| **Judge Name:** | Hon. Nancy Wieben Stock |
| **Department:** | CX105 |
| **Hearing Date:** | |
| **Hearing Time:** | |
| | |
| **File Attachment 1:** | 3-18-09 Answer.pdf |
| **Description 1:** | Defendant's Answer to Complaint |
| **File Attachment 2:** | |
| **Description 2:** | |
| **File Attachment 3:** | |

3/19/2009

**Description 3:**
**File Attachment 4:**
**Description 4:**
**Message:**

1  ROD M. FLIEGEL, Bar No. 168289
   BLANE M. MALL, Bar No. 238357
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA 94108.2693
4  Telephone:    415.433.1940
   Fax No.:      415.399.8490
5  Email:        rfliegel@littler.com

6  J. KEVIN LILLY, Bar No. 119981
   LITTLER MENDELSON
7  A Professional Corporation
   2049 Century Park East, 5th Floor
8  Los Angeles, CA 90067.3107
   Telephone:    310.553.0308
9  Fax No.:      310.553.5583
   Email:        klilly@littler.com

10
   Attorneys for Defendant
11 HIRERIGHT SOLUTIONS, INC.
   (f/k/a USIS Commercial Services, Inc.)
12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                          COUNTY OF ORANGE

15                       CIVIL COMPLEX CENTER

16 DANIEL LEWIS, on behalf of himself and        Case No. 30-2009-00244408
   all persons similarly situated,
17                                               ASSIGNED FOR ALL PURPOSES TO:
                Plaintiff,                        JUDGE NANCY WIEBEN STOCK
18                                               DEPT. CX105
      v.
19                                               DEFENDANT HIRERIGHT SOLUTIONS,
   USIS COMMERCIAL SERVICES, INC.,               INC.'S ANSWER TO COMPLAINT
20 and Does 1 through 100 inclusive,

21              Defendants.

22

23              Comes now Defendant HireRight Solutions, Inc. (f/k/a USIS Commercial Services,

24 Inc.)[1] ("Defendant" or "HireRight") to answer the unverified Complaint filed by Plaintiff Daniel

25 Lewis ("Plaintiff").

26

27

28 [1] Defendant USIS Commercial Services, Inc. recently changed its name to HireRight Solutions, Inc.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO COMPLAINT

# GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant hereby answers Plaintiff's unverified Complaint by generally denying each and every allegation contained therein, by denying that Plaintiff has been damaged or has sustained any damages as a result of the conduct alleged therein, and by asserting the following separate and distinct affirmative defenses.

# AFFIRMATIVE DEFENSES

AS ITS FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, fails to state a claim upon which relief can be granted.

AS ITS SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part by the doctrines of waiver, laches, estoppel, unclean hands and/or *in pari delicto*.

AS ITS THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because, at all material times, Defendant acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by Defendant at the time and did not at any time willfully or negligently fail to comply with any applicable law.

AS ITS FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because the alleged losses or harms sustained by Plaintiff, if any, resulted from causes other than any act or omission by Defendant or its agents or employees.

AS ITS FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because Defendant satisfied all obligations it had, if any, under applicable law, including, but in no way limited to, sections 1786 *et seq.* of the California Civil Code.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANT'S ANSWER TO COMPLAINT

1    AS ITS SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges
2    that Plaintiff's Complaint is barred in whole or in part because Plaintiff's claims are preempted by
3    section 1681t(b) of Title 15 of the United States Code (the "Fair Credit Reporting Act").

4    AS ITS SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
5    alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in
6    whole or in part to the extent such claims are based on state laws or statutes which are inconsistent
7    with federal law.

8    AS ITS EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges
9    that Plaintiff's recovery is limited in whole or in part by Plaintiff's failure to mitigate his alleged
10   damages.

11   AS ITS NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges
12   that Plaintiff has failed to state a claim for which attorney's fees and costs may be granted.

13   AS ITS TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges
14   that Plaintiff has failed to state a claim for which punitive damages may be granted.

15   AS ITS ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
16   alleges that the claims contained in Plaintiff's Complaint, which seek to recover punitive damages
17   and penalties, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S.
18   Constitution and corresponding Articles of the California Constitution.

19   AS ITS TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
20   alleges that Plaintiff's Complaint is barred in whole or in part because Defendant maintained and
21   used, at all relevant times, reasonable procedures to assure the maximum accuracy of information
22   within the meaning of sections 1786 *et seq.* of the California Civil Code.

23   AS ITS THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
24   alleges that Plaintiff's Complaint is barred in whole or in part because Defendant maintained and
25   used, at all relevant times, strict procedures within the meaning of sections 1786 *et seq.* of the
26   California Civil Code.

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

3.

DEFENDANT'S ANSWER TO COMPLAINT

1         AS ITS FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
2    alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in
3    whole or in part because Defendant retains each investigative consumer report in accordance with
4    applicable law.

5         AS ITS FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
6    alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in
7    whole or in part because Plaintiff was not, and is not, a "consumer" within the meaning of California
8    Civil Code section 1786.2.

9         AS ITS SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
10   alleges that prosecution of this action under Business and Professions Code section 17200 *et seq.*, as
11   applied to the facts and circumstances of this case, constitutes a denial of due process rights under
12   the United States Constitution (including the Fourteenth Amendment) and corresponding Articles of
13   the California Constitution

14        AS ITS SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
15   Defendant alleges that Plaintiff and those he purports to represent are not entitled to recover the
16   equitable relief they seek because an adequate remedy at law exists.

17        AS ITS EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
18   alleges that this suit may not be properly maintained as a representative or collective action because:
19   (a) Plaintiff has failed to plead, and cannot establish the necessary procedural elements for, such
20   treatment; (b) a representative or collective action is not an appropriate method for the fair and
21   efficient adjudication of the claims described in the Complaint; (c) common issues of fact or law do
22   not predominate; to the contrary, individual issues predominate; (d) Plaintiff's claims are not
23   representative or typical of the claims of the putative group; (e) Plaintiff is not a proper group
24   representative; (f) Plaintiff cannot fairly and adequately represent the interests of the purported class;
25   (g) the named Plaintiff and alleged putative class counsel are not adequate representatives for the
26   alleged putative class; (h) representative action treatment is neither appropriate nor constitutional;
27   and/or (i) there is not a well-defined community of interest in the questions of law or fact affecting
28   Plaintiff and the members of the alleged representative class.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

4.

DEFENDANT'S ANSWER TO COMPLAINT

1          AS ITS NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
2    alleges that Plaintiff's cause of action for alleged violations of Business and Professions Code
3    section 17200 *et seq.* is barred because, to the extent the Complaint seeks to enjoin Defendant from
4    engaging in "unfair," "fraudulent," or otherwise "unlawful" business actions or practices, if any,
5    such claims are now moot because, assuming *arguendo* that Defendant engaged in any such actions
6    or business practices (which Defendant denies), Defendant has since discontinued, modified, and/or
7    corrected its policies and practices and no longer engages in the alleged conduct.

8          AS ITS TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant
9    alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in
10   whole or in part because any information provided by Defendant about or regarding Plaintiff was
11   public record information that was in good faith gathered and provided to a specific customer,
12   without malice, recklessness or any intent to cause harm.

13         AS ITS TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,
14   Defendant alleges that its business actions or practices were not "unlawful," "unfair," "harmful,"
15   "fraudulent" or "deceptive" within the meaning of California Business and Professions Code section
16   17200 *et seq.*

17         AS ITS TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,
18   Defendant alleges that Plaintiff lacks standing to bring any of the purported causes of action in the
19   Complaint as a representative of the purported class.

20         AS ITS TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,
21   Defendant is informed and believes that further investigation and discovery will reveal, and on that
22   basis alleges, that some or all claims are barred by the doctrines of waiver and/or release.

23         AS ITS TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,
24   Defendant alleges that the Complaint otherwise fails to state a claim for injunctive relief.

25         AS ITS TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,
26   Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest
27   may be awarded, as the damages claimed are not sufficiently certain to allow an award of
28   prejudgment interest.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

5.

1    AS ITS TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,

2 Defendant alleges that the Complaint and each cause of action therein, or some of them, are barred

3 because the applicable statutory provisions of sections 1786 *et seq.* of the California Civil Code are

4 unconstitutionally vague and ambiguous and violate Defendant's rights under the United States

5 Constitution and the California Constitution as to, among other things, due process of law.

6    AS ITS TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,

7 Defendant alleges that Defendant opposes class certification and disputes the propriety of class

8 treatment. If the Court certifies a class in this case over Defendant's objections, then Defendant

9 asserts the affirmative defenses set forth herein against each and every member of the certified class.

10        **RESERVATION OF ADDITIONAL DEFENSES**

11    Defendant reserves the right to amend this Answer should it later discover facts

12 demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in

13 the law support the inclusion of new and/or additional affirmative defenses.

14          **PRAYER FOR RELIEF**

15    WHEREFORE, Defendant prays:

16    1.  That Plaintiff take nothing by his Complaint;

17    2.  That the Complaint be dismissed in its entirety with judgment entered against

18 Plaintiff and in favor of Defendant on all of Plaintiff's causes of action;

19    3.  That Plaintiff be ordered to pay Defendant its attorney's fees and costs of suit;

20 and

21    4.  For such other and further relief as the Court may deem proper.

22

23 Dated: March 17, 2009

24

25 ROD M. FLAEGEL

26 LITTLER MENDELSON
  A Professional Corporation

27 Attorneys for Defendant
  HIRERIGHT SOLUTIONS, INC.

28 Firmwide:88878128.1 061997.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
850 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

6.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. On March 18, 2009, I served the within document(s):

> **DEFENDANT HIRERIGHT SOLUTIONS, INC.'S ANSWER TO COMPLAINT**

☐   by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 415.399.8490. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒   by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐   by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Jeffrey Wilens, Esq. | Jeffrey P. Spencer, Esq. |
| Lakeshore Law Center | Spencer Law Firm |
| 17476 Yorba Linda Blvd. | 1211 Puerta Del Sol |
| Suite 221 | Suite 150 |
| Yorba Linda, CA 92886 | San Clemente, CA 92673 |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |
| DANIEL LEWIS | DANIEL LEWIS |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

LITTLER MENDELSON
A Professional Corporation
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1    I declare under penalty of perjury under the laws of the State of California that the

2    above is true and correct. Executed on March 18, 2009, at San Francisco, California.

3

4    _____
                                 Barbra K. Kearney
5

6    Firmwide:88992441.1 061997.1005

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433.1940

2.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV09- 351 JVS (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

COPY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DANIEL LEWIS

**DEFENDANTS**
HIRERIGHT SOLUTIONS, INC. (f/k/a/ USIS Commercial Services, Inc.)

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
JEFFREY WILENS
LAKESHORE LAW CENTER
17476 Yorba Linda Blvd., Suite 221
Yorba Linda, CA 92886
Telephone: (714) 854-7205; Fax: (714) 854-7206

Attorneys (If Known)
ROD M. FLIEGEL
LITTLER MENDELSON, P.C.
650 California St., 20th Floor
San Francisco, CA 94108
Telephone: (415) 433-1940; Fax: (415) 399-8490

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No       ☒ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332(a)(1) and (c)(1), 1441(a), and 1446(a) and (b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | |
|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | | | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 530 General |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | ☐ 355 Motor Vehicle Product Liability | ☐ 555 Prison Condition | |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:** Case Number:  SACV09 -351 JVS (ANx)

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

       ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

       ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

       ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Oklahoma |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):**      Date March 19, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |